IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROCK P. LYLES : CIVIL ACTION
:
v. : No. 16-4801
:
JAY LANE, et al. :

## ORDER

AND NOW, this 12th day of July, 2017, upon careful and independent consideration of Petitioner Brock P. Lyles's pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, and after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley and Lyles's objections thereto, it is ORDERED:

1. Lyles's objections (Document 14) are OVERRULED[1];

---

[1] In his habeas petition, Lyles raises one claim of ineffective assistance of trial counsel. On February 23, 2017, Judge Heffley issued a Report and Recommendation (R&R), recommending dismissal of Lyles's petition as untimely. Lyles objects to the R&R, arguing Judge Heffley erred by failing to find his PCRA counsel abandoned him and he diligently pursued his rights so as to warrant equitable tolling. After independent consideration of Lyles's arguments, the Court agrees with Judge Heffley's conclusion, but will address Lyles's objections.

Lyles asserts equitable tolling applies here, as he was prevented from asserting his right to file a timely federal habeas petition following the Pennsylvania Superior Court's decision affirming the denial of PCRA relief because he was abandoned by counsel. Lyles further asserts PCRA counsel had fostered a reasonable expectation that Lyles could rely on counsel to keep him up to date regarding his PCRA appeal by "cultivating an atmosphere of dependence" and "groom[ing] [Lyles] to rely on him for notification." Pet'r's Objs. ¶ 5. As a result, Lyles "obeyed his lawyer's direction and waited for the notification [concerning the Pennsylvania Superior Court's decision] he was told was forthcoming[,] and . . . he filed his habeas [petition] promptly (less than 20 days) after learning of his denial." *Id.* ¶ 7. As evidence of abandonment, Lyles has provided copies of correspondence in which counsel provided Lyles with assurances that he would keep Lyles "abreast of any developments," *id.* Ex. A, March 2, 2015, Letter; *id.* Ex. A, April 7, 2015, Letter, and would "keep [Lyles] posted," *id.* Ex. A, July 8, 2015, Letter.

Nevertheless, the Court agrees with Judge Heffley that any failure to notify Lyles of decisions rendered in his case did not constitute attorney abandonment, and that an attorney's failure to timely notify a client of the disposition of an appeal does not constitute extraordinary circumstances for tolling purposes. *See LaCava v. Kyler*, 398 F.3d 271, 276-77 (3d Cir. 2005) (holding counsel's failure to timely notify petitioner of the state court's disposition did not "rise to the extraordinary circumstances required for equitable tolling" (internal quotation marks

2. The Report and Recommendation (Document 12) is APPROVED and ADOPTED;

3. Lyles's Petition for a Writ of Habeas Corpus (Document 1) is DENIED with prejudice;

4. Lyles's Motion for Transcripts (Document 11) is DENIED as MOOT;

5. There is no probable cause to issue a certificate of appealability; and

6. The Clerk of Court shall mark this case CLOSED.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

omitted)). Further, counsel's previous assurances that he would keep Lyles informed of the progress of his case, and Lyles's reliance on those assurances in waiting approximately one year to inquire into the status of his appeal, do not give rise to extraordinary circumstances warranting equitable tolling, nor do they excuse his failure to diligently pursue his rights. *Cf. Gibbs v. Legrand*, 767 F.3d 879, 886-87, 90 (9th Cir. 2014) (finding equitable tolling warranted where attorney had "committed himself to informing his client" of the development of his [PCRA case] but "failed to communicate with [petitioner] over a period of years, despite repeated efforts by petitioner to engage him"); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011) (holding that, even if attorney assurances and delayed notification of a state court decision could constitute an extraordinary circumstance, equitable tolling was not warranted where petitioner "passively await[ed]" the decision by waiting approximately 18 months after contacting his attorney for a case update to make any further inquiries about his case status); *Cristin v. Wolfe*, 168 F. App'x 508, 512 (3d Cir. 2006) (finding petitioner not entitled to equitable tolling where "counsel's alleged failure to inform her that he was no longer representing her and that he was not filing a petition for allowance of appeal . . . did not give rise to the sort of affirmative misrepresentations" necessary to warrant tolling).

 Moreover, Lyles attached to his objections copies of further communication with counsel from August 2016—to which Judge Heffley was not apprised—that suggest counsel in fact attempted to provide notice of the state court's decision to Lyles. In an August 6, 2016, letter to counsel, Lyles wrote that although counsel had mailed him documents in July 2015, Lyles had not heard from him since, and requested an update on the status of his case. Pet'r's Objs. Ex. A, Aug. 6, 2016, Letter. Counsel responded in an August 14, 2016, letter that he "was surprised to find that [Lyles] did not receive notice of the Pennsylvania Superior Court opinion in the matter," as he had sent a September 18, 2015, letter informing Lyles of the decision—which he attached—and the letter had not been returned undeliverable. *Id.* Ex. A., Aug. 14, 2016, letter. It therefore appears that far from preventing Lyles from asserting his rights, counsel had made efforts to remain in contact with Lyles concerning his PCRA appeal.

 Accordingly, the Court adopts the R&R in full, and Lyles's petition is dismissed as untimely.